UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CARLIN CHAPMAN AND JENNA CHAPMAN | CIVIL ACTION NO. 2:22-cv-1974 |
| VERSUS | JUDGE _____ |
| FEDNAT INSURANCE COMPANY | MAGISTRATE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant, FedNat Insurance Company ("Defendant"), gives this notice and hereby remove this civil action, captioned *Carlin Chapman and Jenna Chapman v. FedNat Insurance Company*, No. 2022-1745, Division "H," Judicial District Court for the Parish of Calcasieu, State of Louisiana (the "State Court Action"), to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, the Defendant represents:

## STATE PROCEEDING

1.

The Plaintiffs, Carlin Chapman and Jenna Chapman ("Plaintiffs"), on April 28, 2022, commenced a civil action against Defendant in the Judicial District Court for the Parish of Calcasieu, styled *Carlin Chapman and Jenna Chapman v. FedNat Insurance Company*, No. 2022-001745, Division "H."  As required by 28 U.S.C. § 1446(a), copies of all executed process in the case; pleadings; and all orders served on Defendant are attached hereto as Exhibit "A."

## REMOVAL IS TIMELY

2.

28 U.S.C. § 1446(b) requires a notice of removal of a civil proceeding to be filed within thirty (30) days after the receipt by the defendant, through service of otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based. Time begins to run from receipt of formal service; receipt of a curtesy copy of the pleading does not begin the running of time. *Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3.

Federal Rule of Civil Procedure 6 states that if the last day of a time period is a Saturday or Sunday, the period continues to run until the end of the next day that is not a Saturday or Sunday.

4.

Defendant FedNat Insurance Company was served through the Louisiana Secretary of State on June 9, 2022, making removal timely under 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

5.

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a). Therefore, the cause may be removed to this Court pursuant to 28 U.S.C. §1441(b).

6.

Upon present information and belief, the Plaintiffs are citizens of Louisiana. (See Exhibit "A," Petition for Breach of Contract, Penalties and Attorneys Fees).

7.

Defendant FedNat Insurance Company is a corporation incorporated in the state of Florida with its principal place of business in Sunrise, Florida. (See report from Florida Secretary of State website, attached as Exhibit "B"). Accordingly, Defendant FedNat Insurance Company is a citizen of Florida for federal diversity removal purposes. 28 U.S.C. §1332; *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8.

In sum, Plaintiffs are citizens of Louisiana. Defendant is a citizen of Florida. Accordingly, complete diversity exists in this case with regard to the defendant in this lawsuit.

## AMOUNT IN CONTROVERSY

9.

The Fifth Circuit has held that where the plaintiff's petition fails to specify the amount in controversy, such as the case at hand, the Court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000.00 threshold for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed. Appx. 62, 66-67 (5th Cir. 2010). On the other hand, if it is not facially apparent that the claims are likely above $75,000.00, the removing party may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* The Defendant may rely on summary judgment-type evidence, including affidavits and demands made by the plaintiff, to prove the amount in controversy. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

10.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, which determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou–Con Inc.,* 293 F.3d 908, 911 (5th Cir.2002); *see also Lewis v. Lexington Ins. Co.,* No. 07–8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008).

11.

While it is not facially apparent from the Petition that the amount in controversy exceeds $75,000.00, and while defendant disputes that any damages are owed, and that any owed will in fact exceed this amount, defendant represents that the amount in controversy will exceed $75,000.00 based on the information known to date. In this case, Plaintiffs have produced a contractor's estimate totaling $129,874.40 in contractual damages related to Hurricane Ida. (See January 13, 2022 estimate of Alsure Services, attached as Exhibit "C").

12.

In addition to alleged amounts owed under the policy, Plaintiffs also allege claims for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. The allegations for statutory penalties are asserted in the Petition for Breach of Contract, Penalties and Attorneys Fees, in relevant part as it pertains to damages in controversy. Exhibit "A."

13.

The damages alleged above are damages claimed in relation to the property damage at issue and the resulting insurance claim, including extra-contractual damages claimed for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. While FedNat Insurance Company denies that it acted in "bad faith" or breached any duty owed to the plaintiffs, penalties and attorney's fees are properly considered when determining the amount in controversy for an insurance claim. *See Clark v. State Farm Fire and Casualty Co.,* Civ. No. 14-673, 2015 WL 1247011 (M.D. La. Mar. 18, 2015); *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. CIV. A. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

14.

Further, plaintiffs have alleged mental anguish damages which will increase the total alleged value of their claim.

15.

If using the damage amount of $129,874.40, as reflected in the attached estimate, damages in controversy will exceed the jurisdictional amount of $75,000.00 once accounting for alleged statutory penalties, mental anguish damages, and attorney's fees.

16.

Accordingly, the amount in controversy in this case exceeds the required $75,000.00 threshold.

## **REMOVAL IS PROPER**

17.

There is complete diversity between Plaintiffs, Carlin Chapman and Jenna Chapman, and Defendant, FedNat Insurance Company. There is more than $75,000.00 in controversy. Accordingly, this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c) and removal is proper pursuant to 28 U.S.C. § 1441.

## **NOTICE TO STATE COURT AND OPPOSING PARTY**

18.

Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing Notice of Removal with the Clerk of Court for the Judicial District Court for the Parish of Calcasieu, State of Louisiana, and serve a copy thereof on Plaintiffs through their counsel. A copy

of Defendant's Notice of Filing Notice of Removal is attached hereto and incorporated herein for all purposes as Exhibit "D."

## **CONCLUSION**

Defendant respectfully requests that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the Judicial District Court for the Parish of Calcasieu, State of Louisiana.

WHEREFORE, Defendant, FedNat Insurance Company, prays that the legal action captioned *Carlin Chapman and Jenna Chapman v. FedNat Insurance Company*, No. 2022-1745, Division "H," Judicial District Court for the Parish of Calcasieu, State of Louisiana, be removed to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

*/s/ Ethan N. Penn*
Ethan N. Penn, Bar No. 24596
Samuel C. Furman, Bar No. 37126
Musgrave, McLachlan, & Penn, L.L.C.
1555 Poydras St., Suite 2100
New Orleans, LA 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
Email: enp@mmpfirm.com
       scf@mmpfirm.com
Attorneys for Defendant, FedNat Insurance Company

**CERTIFICATE OF SERVICE**

I do certify that on this, the 5th day of July, 2022, the foregoing pleading has been filed using the electronic filing system of the United States District Court for the Western District of Louisiana, and, pursuant to local rule, constitutes service of same on all counsel of record herein. I further certify that the foregoing has been sent via U.S. Mail to all counsel for unrepresented parties who are not participating in the ECF system.

                                        *s/Ethan N. Penn*_____
                                               Ethan N. Penn